**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **NICHOLAS & JOAN L. TOURLES,** | ) | **Chapter 7** |
| | ) | **Case No. 09-19802-WCH** |
| **Debtors.** | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO
WITHDRAW APPEARANCE AND REQUEST FOR COURT REVIEW OF POST-
PETITION FEES ASSESSED BY COUNSEL TO THE DEBTORS
PURSUANT TO 11 U.S.C. 329 AND FED. R. BANKR. P. 2017**

The United States Trustee hereby objects to the Motion to Withdraw Appearance (the "Motion") filed by Carl D. Aframe and the law firm Aframe & Barnhill, P.A., counsel to Nicholas and Joan L. Tourles (the "Debtors"). Mr. Aframe seeks to withdraw from the case due to the Debtors' alleged "breach" of a fee agreement, essentially for what appears to be failing to pay Mr. Aframe's post-petition fees. However, it is not clear from the Motion whether the Debtors' alleged failure to pay is on account of services which were to be performed by Mr. Aframe on account of the pre-petition retainer already paid, or whether they are legitimate post-petition fees. In any event, Mr. Aframe's fees assessed in this case, amounting to over $12,000, appear to be excessive and should be subject to review.[1]

Mr. Aframe collected $5,601 from the Debtors prior to the October 14, 2009 petition date (the "Petition Date"), and, in the three months since the case has been pending, he now asserts that the Debtors owe him an additional approximately $7,500 for fees allegedly incurred post-petition. Moreover, Mr. Aframe states in his Motion that he has already filed a lawsuit against

---

[1] Based upon a conversation with Mr. Aframe on January 25, 2009, the United States Trustee believes the amount which the Debtors allegedly owe for post-petition fees in this case are $7,500.

the Debtors seeking to collect the post-petition fees, and has obtained an attachment against the Debtors' checking accounts. Mr. Aframe has not obtained court approval of his post-petition fees under 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017[2] notwithstanding that, upon information and belief based upon a conversation with Mr. Aframe, the fees assessed relate to services performed in relation to the Debtors' Chapter 7 case. Based upon these statements by counsel, the United States Trustee requests that Mr. Aframe file a fee application with this Court setting forth both the services provided pre-petition warranting a $5,601 pre-petition retainer, as well as an application setting forth the services performed to warrant the approximately $7,500 in fees incurred post-petition.

In further support of this objection, the United States Trustee respectfully states as follows:

## BACKGROUND

1. The Debtors filed their voluntary Chapter 7 petition on the Petition Date. On the Petition Date, Mr. Aframe filed a Fed. R. Bankr. P. 2016 statement stating that he was paid $5,601 in connection with the Debtors' bankruptcy case. See, Docket No. 1. Attached to the Fed. R. Bankr. P. 2016 statement is a copy of the August 14, 2009 fee agreement between Mr. Aframe's firm and the Debtors which is attached to the Motion.

2. The payment of $5,601 pre-petition appears to be related to the following tasks: initial meeting and consultation; preparation and filing of the petition, schedules, statement of financial affairs, matrix, statement of intention and declaration of electronic filing; preparation of suggestions of bankruptcy; telephone communications with creditors; preparation and assistance

---

[2] Fed. R. Bankr. P. 2017(b), Payment or Transfer to Attorney After Order for Relief, provides "[o]n motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefore, by the debtor to an attorney

2

given in attending the Section 341 meeting of creditors and provision of any follow up documentary requests made at the Section 341 meeting.  See, Fee Agreement, para. A.

3. The Fee Agreement states that Mr. Aframe's firm "reserves the right to request and receive an additional retainer during the course of its representation if at any time it deems the initial retainer to be insufficient to cover expected legal fees and/or expenses…"

4. In addition to the nonpayment, according to the Motion, Mr. Aframe seeks to withdraw, because his clients sent a settlement check directly to the Chapter 7 trustee rather than sending the settlement check to him first, which caused an alleged "breach" of the fee agreement. Mr. Aframe's statement in the Motion regarding the derivation of the $6,000 of funds to settle a claim with the Chapter 7 Trustee implies that Mr. Aframe believes that the funds to be paid over to the Chapter 7 Trustee, and, presumably, the funds that are the subject of Mr. Aframe's attachment on the Debtors' checking account, are not property of the estate.

## OPPOSITION

5. The United States Trustee objects to the Motion absent further evidence and/or testimony that the fees Mr. Aframe is complaining lack of payment of are not encompassed by the pre-petition fees already received by Mr. Aframe.  Moreover, it is not clear that Mr. Aframe is entitled to receive payment for fees assessed post-petition because it is not clear that the fees are not excessive under 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017(b).

6. Moreover, Mr. Aframe should not be permitted to withdraw where it is possible that the Debtors' payment to the Chapter 7 trustee may be returned due to insufficient funds because Mr. Aframe obtained an attachment of their checking accounts.[3]   It is well within this Court's

---

after entry of an order for relief in a case under the Code is excessive, if the payment, transfer, or agreement therefore is for services rendered in any way related to the case."

[3] As of the date hereof, the Chapter 7 Trustee does not have information as to whether the check has cleared the Debtors' checking account.

discretion not to allow withdrawal of counsel at this time, particularly where no successor counsel has entered an appearance. See, e.g., Danvers Savings Bank v. Cuddy (In re Cuddy), 322 B.R. 12 (Bankr. D. Mass. 2005) (motion to withdraw is addressed to discretion of the court).

**REQUEST FOR COURT REVIEW OF**
**PRE AND POST PETITION FEES ASSESSED**

7. Pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017(b), the United States Trustee requests that Mr. Aframe file a fee application relating to the pre-petition fees received and the post-petition fees assessed against the Debtors so that this Court may make a determination as to whether the fees charged are warranted and reasonable under the circumstances of this case or whether they are excessive.

8. Section 329(b) of the Bankruptcy code provides that:

> If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to-
> (1) the estate, if the property transferred-
> (A) would have been property of the estate; or
> (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
> 2. the entity that made such payment."
> 3.

11 U.S.C. § 329(b).

9. Rule 2017 implements Section 329. In part, 2017(a) provides:

> On motion, by the debtor, the United States Trustee, or on the court's own initiative, the court after notice and a hearing, may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the code by or against the debtor or before the entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.

Fed. R. Bankr. Proc. 2017(a). Rule 2017(b), cited above, references payments or transfers to attorneys after the petition date.

10. Section 329 and Rule 2017 provide the basis by which the Court may examine the reasonableness of compensation paid to an attorney and disgorge so much of it which exceeds a reasonable amount.  See, In re Diamond Mortgage Corp. of Illinois, 135 B.R. 78 (Bankr N.D. Ill 1990); In re Wittman Eng'g & Mfg. Co., Inc., 66 B.R. 488 (Bankr. N.D. Ill. 1986); In re Red Carpet Corp., v. Miller, 708 F.2d 1576 (11th Cir. 1983); In re St. Pierre, 4 B.R. 184 (Bankr. RI 1980).  See also, 3 Colliers ¶329.04[1] at 329-16 (15th ed. rev. 2001).

11. In addition where, as here, the $5,601 pre-petition retainer for a Chapter 7 case is large in the context of usual and customary Chapter 7 cases filed in this District, it is incumbent upon Mr. Aframe to demonstrate why the amount sought is reasonable.  See, In re Boyd, 2009 WL 2971096 (September 19, 2009).[4]

**WHEREFORE**, the United States Trustee prays that the Court enter orders:  i) denying the Motion to Withdraw at this time; and  (ii) requiring Mr. Aframe to file fee applications with this Court demonstrating the reasonableness of the pre-petition and post-petition fees assessed in this case, and grant her such other and further relief as this Court deems just and proper.

    Respectfully submitted,
    PHOEBE MORSE

    United States Trustee

By:    */s/ Jennifer L. Hertz*
    Jennifer L. Hertz BBO#645081
    United States Department of Justice
    John W. McCormack Post Office and Courthouse
    5 Post Office Square, Suite 1000
    Boston, MA 02109
    PHONE:    (617) 788-0412
    FAX:    (617) 565-6368
    Jennifer.L.Hertz@usdoj.gov

Dated: January 25, 2010

---

[4] Notably, this opinion, issued by Judge Boroff, involves Mr. Aframe's fees in the context of a Chapter 13 case.

5

# CERTIFICATE OF SERVICE

The undersigned certifies that on January 25, 2010, true and correct copies of the foregoing objection were served upon the individuals listed below via the U.S. Bankruptcy Court's CM/ECF filing system or by United States mail, First Class postage pre-paid to those persons not appearing on the Court's receipt of electronic filing.

        Respectfully submitted,
        PHOEBE MORSE

        United States Trustee

By:    */s/ Jennifer L. Hertz*
        Jennifer L. Hertz BBO#645081
        United States Department of Justice
        John W. McCormack Post Office and Courthouse
        5 Post Office Square, Suite 1000
        Boston, MA 02109
        PHONE:   (617) 788-0412
        FAX:       (617) 565-6368
        Jennifer.L.Hertz@usdoj.gov

**VIA FIRST CLASS MAIL**
Nicholas & Joan Tourles
45 English Street
East Falmouth, MA 02536
(Debtors)

**VIA ECF**
Carl D. Aframe
Aframe & Barnhill
108 Grove Street
Suite 2
Worcester, MA 01605
(Debtors' Counsel)

Warren E. Agin
Swiggart & Agin LLC
197 Portland Street

Fourth Floor
Boston, MA 02114
(Chapter 7 Trustee)

Thomas J. Raftery
PO Box 812
North Chatham, MA 02650-0812
888-472-0008
Fax : 888-472-0008
Email: thomas@raftery.com
(Counsel to Chapter 7 Trustee)